IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TONY ALONZO BRADFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 106-045 |
| | ) |
| HILTON HALL, Warden, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

Petitioner seeks to challenge his state convictions for murder, aggravated assault, and armed robbery, rendered in 1991 by the Superior Court of Richmond County, Georgia. Pet., pp. 3-4. Petitioner avers that his convictions were affirmed on direct appeal by the Georgia

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Supreme Court in 1992. Id. at 4; see also Bradford v. State, 262 Ga. 512, 421 S.E.2d 523 (1992). Petitioner filed a state petition for writ of habeas corpus, which was denied by the Superior Court of Tattnall County, Georgia, in 1993. Id. at 5. Petitioner also candidly admits that he has previously sought federal habeas relief, but that his § 2254 petition was denied on the merits. Id.; see also Bradford v. Thompson, CV 195-029, doc. no. 21, *adopted by* doc. no. 26 (S.D. Ga. May 6, 1997), *aff'd*, No. 97-8520 (11th Cir. Nov. 7, 1997).[2]

In the instant petition, executed on March 24, 2006, Petitioner alleges that on February 2, 2004, he filed an "extraordinary motion for new trial based on newly discovered evidence" in the Superior Court of Richmond County, Georgia, but that the state court refuses to "promptly handle" the matter. Pet., pp. 7, 9. Petitioner further contends that in February 1993, he learned of the existence of evidence "to prove" his innocence. Pet., attach., p. 2. Petitioner contends that the prosecutor suborned perjury, and that his appellate attorney was aware of the perjury but failed to raise the issue. Id. at 3-4, 10-11. Next, Petitioner argues that his convictions for malice murder and armed robbery must be "vacated" because O.C.G.A. § 16-1-7 "forbids a conviction on the same set of facts for malice murder and armed robbery." Id. at 6. Finally, Petitioner argues that the trial court committed various errors and that the evidence as a whole was insufficient to support his convictions. Id. at 7-9, 12-15.

The Court resolves the matter as follows.

---

[2]This Court has the authority to take judicial notice of its own documents. See United States v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

## II. DISCUSSION

Irrespective of the merits of Petitioner's claims, the instant petition faces two formidable obstacles. First, Petitioner is attempting to challenge convictions rendered more than ten years ago. Section 2254 petitions are governed by a one-year statute of limitations; thus, the instant petition is likely time-barred. See 28 U.S.C. § 2244(d)(1). However, even assuming *arguendo* that the instant petition is timely, it is subject to dismissal. As noted above, Petitioner has already sought federal habeas relief, which petition was denied on the merits. The relevant portion of the statute governing second or successive habeas corpus applications states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[3]

---

[3]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application *under section 2254* that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application *under section 2254* that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b) (emphasis added).

Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider Petitioner's claims.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 17th day of May, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE